Yun v. Lynch

BIA
Nelson, IJ
A087 531 701

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand fifteen.

PRESENT:
>ROBERT A. KATZMANN,
>>*Chief Judge,*
>RICHARD C. WESLEY,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges.*

_____

JIANG YUN,
>*Petitioner,*

v.                                          14-3763
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

**FOR PETITIONER:**        Robert J. Adinolfi, New York, NY.

**FOR RESPONDENT:**        Benjamin C. Mizer, Principal Deputy
                           Assistant Attorney General; Steven
                           J. Flynn, Assistant Director; Arthur

Rabin, Trial Attorney; Lindsay G. Donahue, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jiang Yun, a native and citizen of China, seeks review of a September 10, 2014 decision of the BIA affirming a January 23, 2013 decision of an Immigration Judge ("IJ") denying Yun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jiang Yun,* No. 087 531 701 (B.I.A. Sept. 10, 2014), *aff'g* No. A087 531 701 (Immig. Ct. N.Y. City Jan. 23, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications such as Yun's, governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements and evidence, so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

The agency based its adverse credibility determination on inconsistencies in Yun's testimony and evidence regarding when she became pregnant and was allegedly subjected to a forced abortion. Because Yun's inconsistent testimony relates to the heart of her claim for asylum, and she did not rehabilitate that inconsistent testimony with corroborating evidence,

3

substantial evidence supports the adverse credibility determination, based on a totality of the circumstances. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007); *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006). Further, because the only evidence of a threat to Yun's life or freedom depended upon her credibility, the agency's finding that she was not credible necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4